UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURINE JONES, et al.,

    Plaintiffs,

v.

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., et al.,

    Defendants.
_____/

Hon. Janet T. Neff

Case No. 1:13 CV 979

## REPORT AND RECOMMENDATION

Plaintiffs Maurine Jones and Precious Jones initiated the present action against the Bank of New York Mellon Trust Company, N.A. and two individuals on September 6, 2013. Plaintiffs seek to appeal in this Court a ruling entered by a state court in a separate matter. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be **dismissed** for lack of subject matter jurisdiction.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham v. Haslam*, 2013 WL 2665786 at *3 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts").

Plaintiffs initiated the present action by filing a "Notice of Appeal" regarding a September 3, 2013 Opinion and Order entered by the Honorable Hugh Barrington Clarke, Jr., District Court Judge for the State of Michigan 54A District Court. It appears that this particular state court action concerns a foreclosure action involving the parties presently before this Court. This Court, however, lacks the authority and jurisdiction to hear Plaintiffs' "appeal." *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Durham*, 2013 WL 2665786 at *3 (same). Accordingly, the undersigned recommends that this matter be dismissed on the ground that this Court lacks subject matter jurisdiction to hear Plaintiffs' "appeal" of Judge Clarke's ruling.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

Date: September 12, 2013        /s/ Ellen S. Carmody
      ELLEN S. CARMODY
      United States Magistrate Judge