UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURINE JONES and PRECIOUS
JONES,

    Plaintiffs,

v

THE BANK OF NEW YORK
MELLON TRUST CO., N.A., *et al.*,

    Defendants.
_____/

Case No. 1:13-cv-979

HON. JANET T. NEFF

**OPINION AND ORDER**

    Plaintiffs, proceeding *pro se*, initiated the present action against the Bank of New York Mellon Trust Company, N.A. and two individuals, by filing a "Notice of Appeal" (Dkt 1). Plaintiffs indicated they "request an Appeal because they were not given the opportunity to present or defend their case in a hearing or trial" (*id.* at 2). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court dismiss the action for lack of subject matter jurisdiction. The matter is presently before the Court on Plaintiffs' Objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Opinion and Order. Further, this Court will enter a Judgment consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

The Magistrate Judge determined that this Court is precluded from hearing Plaintiffs' appeal of a ruling entered by a state court in a separate matter (R&R, Dkt 4 at 2, citing *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Durham v. Haslam*, 528 F. App'x 559, 563 (6th Cir. 2013)). Plaintiffs object to the Magistrate Judge's recommendation, arguing that they do not seek to appeal the district court ruling or have the Court modify or reverse the district court decision; rather, Plaintiffs contend that they are "filing this Complaint under the Fair Debt Collections Practices Act (FDCPA)" and "under U.S. Cont [sic], Art III Sec 2 cl. 1. Lack of Standing" (Objs., Dkt 5 at 2-3).

Plaintiffs' current intentions notwithstanding, jurisdiction is decided at the onset of litigation. "The relevant question is, whether on the face of a plaintiff's well-pleaded complaint, 'a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Walbridge Aldinger Co. v. City of Detroit*, 296 F. App'x 527, 532 (6th Cir. 2008) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005)). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809, n.6 (1986). Therefore, the Court agrees with the Magistrate Judge that the subject matter of the action Plaintiffs initiated is one over which this Court lacks jurisdiction or authority to hear. Plaintiffs' objection must therefore be denied. Accordingly:

**IT IS HEREBY ORDERED** that the Objection (Dkt 5) is DENIED, and the Report and Recommendation (Dkt 4) is APPROVED and ADOPTED as the Opinion of the Court.

Dated: July 17, 2014      /s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　United States District Judge